IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEREMY SHANE SKAGGS**                                                                            **PLAINTIFF**

v.                                      Case No. 4:22-cv-01029-LPR

**WHITNEY HOWELL;**
**BENJAMIN HOWELL; and**
**UNITED STATES OF AMERICA**                                                                **DEFENDANTS**

## ORDER

Pending before the Court is Whitney Howell's Motion for Partial Summary Judgment.[1] For the reasons discussed below, that Motion is GRANTED IN PART and DENIED IN PART.

### I. Defamation and False Light Invasion of Privacy

The Motion is denied insofar as Mrs. Howell seeks summary judgment on the defamation claims and the false light invasion of privacy claims.[2] Regarding these claims, Mrs. Howell principally argues that the rape accusations she made to the military and to civilian law enforcement were subject to a qualified privilege.[3] But there is an insurmountable defect with this argument.

---

[1] Doc. 81. Summary judgment on a claim or issue is inappropriate unless, "viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "To be material, the disputed facts must be facts which, under the substantive law governing the issue, might affect the outcome of the suit." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). The Court has already laid out almost all of the material facts (as well as the procedural history) of this case in a previous Order. *See* Order (Doc. 112) at 3–11. The Court adopts and incorporates that portion of its previous Order as if fully reproduced herein, and notes that nearly all of the facts laid out in that previous Order were uncontested. *See id.*

[2] The Motion is also denied with respect to the punitive damages request related to these two buckets of claims. This denial follows ineluctably from the reasons the Court provides *infra* to justify its denial of summary judgment on the defamation and false light invasion of privacy claims themselves.

[3] *See* Br. in Supp. of Whitney Howell's Mot. for Partial Summ. J. (Doc. 83) at 3–6. Mrs. Howell also argues that Mr. Skaggs has not identified any specific falsehoods Mrs. Howell has made. *Id.* at 7 n.2. But that is incorrect. Mr. Skaggs says that Mrs. Howell alleged (to military authorities and then to civil law enforcement) that Mr. Skaggs raped her. *See* Ex. A (State Court Docs.) to Notice of Removal (Doc. 1) at 156, ¶¶ 6–7; Ex. A (Jeremy Skaggs Aff.) to Pl.'s Resp. to Defs.' Statement of Facts (Doc. 97-1) ¶ 7; *see also* Ex. A (Whitney Howell Aff.) to Whitney Howell's

There is a genuine dispute of fact as to whether Mrs. Howell's accusations were made in good faith or instead were made maliciously. Even assuming the Court were to ignore the text messages attached to Mr. Skaggs's responsive papers, Mr. Skaggs's Affidavits are enough to create a genuine dispute of material fact.[4] Mr. Skaggs asserts, under penalty of perjury, that (1) Mrs. Howell's accusations were false, (2) Mrs. Howell knew they were false when she made them, and (3) she made the accusations to damage Mr. Skaggs's reputation and to avoid the Howells' financial obligations to Mr. Skaggs.[5] From this testimony, a reasonable jury could find that Mrs. Howell's accusations were not made in good faith, but were instead made maliciously. If the jury came out this way, the qualified privilege would not apply.[6] Of course, a reasonable jury could also come out the other way. But that's why we have trials.[7]

---

Mot. for Partial Summ. J. (Doc. 81-1) ¶¶ 3, 8 (Mrs. Howell admitting that she made statements about the alleged rape to the Cabot Police Department). That's specific enough.

[4] *See* Ex. A (Jeremy Skaggs Aff.) to Pl.'s Resp. to Defs.' Statement of Facts (Doc. 97-1) ¶¶ 7–9. The Court need not (and thus will not) rule on the admissibility of the text messages at this juncture. To the extent any party believes that the text messages are inadmissible at trial, that party will need to properly and timely file a motion in limine concerning the issue.

[5] *Id.*; Ex. A (State Court Docs.) to Notice of Removal (Doc. 1) at 156, ¶¶ 6–7, 10–11.

[6] *See Minor v. Failla*, 329 Ark. 274, 283, 946 S.W.2d 954, 959 (1997) (stating that "[t]he qualified privilege is . . . lost" when "the statement is made with malice" or when "the statement is made with a lack of grounds for belief in the truth of the statement"), *overruled on other grounds by United Ins. Co. of Am. v. Murphy*, 331 Ark. 364, 961 S.W.2d 752 (1998); *see also Navorro-Monzo v. Hughes*, 297 Ark. 444, 450, 763 S.W.2d 635, 637–38 (1989) ("[Qualified] privilege will be lost if the defendant publishes the defamatory statement with 'malice.' In this sense the word 'malice' means something more than the fictitious 'legal malice' which is 'implied' in order to impose strict liability in a case of unprivileged defamation. On the other hand, it may mean something less than 'express malice,' or ill will.").

[7] Mr. Skaggs separately argues that (1) qualified privilege is an affirmative defense in Arkansas, (2) the Howells did not plead the defense in the their Answer, and (3) therefore the defense is waived. *See* Resp. in Opp'n to Whitney Howell's Mot. for Partial Summ. J. (Doc. 95) ¶ 2. The Court agrees that qualified privilege is an affirmative defense in Arkansas. *See Suggs v. Stanley*, 324 F.3d 672, 682 (8th Cir. 2003); *Cunningham v. Skaggs Cos., Inc.*, 729 F.2d 1156, 1158 (8th Cir. 1984); *Oak Creek Inv. Props., Inc. v. Am. Elec. Power Serv. Corp.*, No. 18-CV-4009, 2020 WL 636920, at *1 (W.D. Ark. Feb. 11, 2020); *Sims v. Little Rock Plastic Surgery, P.A.*, No. 19-cv-653, 2020 WL 4514572, at *5 (E.D. Ark. Aug. 5, 2020); *Lancaster v. Red Robin Int'l, Inc.*, 2011 Ark. App. 706, at *6, 386 S.W.3d 662, 667. Although the Arkansas Supreme Court has never definitively held that qualified privilege is an affirmative defense, the Eighth Circuit has treated qualified privilege as an affirmative defense when applying Arkansas law. *See Suggs*, 324 F.3d at 682; *Cunningham*, 729 F.2d at 1158. This Court is bound by such Eighth Circuit precedents. The Court also agrees that the Howells did not plead the defense in their Answer. *See generally* Answer (Doc. 3). In the Eighth Circuit, "[g]enerally, failure to plead an affirmative defense results in a waiver of that defense." *First Union Nat'l Bank v. Pictet Overseas Tr. Corp., Ltd.*, 477 F.3d 616, 622 (8th Cir. 2007). That general principle is consistent with the letter of Federal Rule of Civil Procedure 8(c). But, in practice, the Eight Circuit has "eschewed a literal interpretation of

## II. Abuse of Process

The Motion is granted with respect to Mrs. Howell's request for summary judgment on the abuse of process claim. The Arkansas Supreme Court has emphasized that abuse of process is a "narrow tort."[8] And, on this record, no reasonable jury could find that the Howells' conduct is covered by the tort.

In Arkansas, the tort of abuse of process has three elements: "(1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success, but, (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a willful act in the use of process not proper in the regular conduct of the proceeding."[9] Accordingly, "[t]o sustain an abuse of process claim, there must have been issuance of process subsequent to initiation of suit, and the additional process must have been utilized for a coercive or improper purpose."[10] And although the Arkansas Supreme Court has never fully defined "process" in the context of abuse of process, we do know that the core of the tort is the use of some sort of "judicial process . . . to extort or coerce."[11]

---

[Rule 8(c)] that places form over substance . . . ." *Id.* Rather, so long as the "affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply with Rule 8(c) is not fatal." *Id.* (quoting *Fin. Timing Publ'ns, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 944 n.9 (8th Cir. 1990)). Whether or not Mr. Skaggs had reason to know that either or both of the Howells were raising this defense prior to the instant summary judgment filing—and the Court thinks he did—Mr. Skaggs certainly now has reason to know that this defense is part of the case. Accordingly, for purposes of trial, the Court will consider the Howells' Answer to be constructively amended to raise the defense of qualified privilege with regard to all statements made to the military and to civilian law enforcement concerning the alleged rape. If, based on this constructive amendment, Mr. Skaggs believes he needs further discovery, he should submit a proper motion requesting such discovery.

[8] *Union Nat'l Bank of Little Rock v. Kutait*, 312 Ark. 14, 17, 846 S.W.2d 652, 654 (1993) (quoting *Farm Service Coop., Inc. v. Goshen Farms, Inc.*, 267 Ark. 324, 337, 590 S.W.2d 861, 868 (1979)).

[9] *Id.* at 16, 846 S.W.2d at 654 (quoting *Smith v. Nelson*, 255 Ark. 641, 643, 501 S.W.2d 769, 770 (1973)).

[10] *Id.* at 18–19, 846 S.W.2d at 655.

[11] *Sundeen v. Kroger*, 355 Ark. 138, 147, 133 S.W.3d 393, 398 (2003).

Indeed, the Arkansas Supreme Court has made clear that an abuse of process must involve "the misuse of some court process, civil or criminal . . . ."[12] The Arkansas Supreme Court has also provided some helpful guideposts to understand the contours of the tort.[13] Illustrative examples of judicial process that can be abused include "the issuance of summons, serving of an arrest warrant, or improper actions in the process used to obtain discovery."[14] On the other hand, "the filing of a vexatious action" alone is insufficient to constitute abuse of process.[15]

As luck would have it, previous courts in the Eastern District of Arkansas have fairly consistently synthesized relevant Arkansas state court precedents.[16] One such court persuasively concluded that, "[t]o be liable for the tort of abuse of process [in Arkansas], a party must have abused *process* in the sense of a summons, writ, rule, order, execution, warrant, or mandate issued by a court during the pendency of an action."[17] In short, the "process" in an Arkansas abuse of process claim must involve some sort of action taken by a court that (1) compels a party to do something or (2) affects the rights of a party.

---

[12] *Farm Service Coop., Inc.*, 267 Ark. at 337, 590 S.W.2d at 868 (quoting Larry C. Wallace, Note, *Malicious Prosecution – The Law in Arkansas*, 22 ARK. L. REV. 340, 355 (1968)).

[13] *See Kutait*, 312 Ark. at 17, 846 S.W.2d at 654.

[14] *Id.* Federal courts applying Arkansas law have also provided some helpful examples of actions that fall within the tort and actions that fall outside of it. *See, e.g.*, *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 845 (8th Cir. 2009) ("[W]arrants are a form of judicial process that can be abused."); *Garrison v. RevClaims, LLC*, 247 F. Supp. 3d 987, 992–93 (E.D. Ark. 2017) (holding that the perfection of a statutory lien does not constitute "process" in this context).

[15] *Kutait*, 312 Ark. at 17, 846 S.W.2d at 654. The Arkansas Court of Appeals has directly defined the term "judicial process" in the context of this tort: "Judicial process has been defined as a comprehensive term which includes all writs, rules, orders, executions, warrants, or mandates issued by a court during the progress of a cause of action." *Carmical v. McAfee*, 68 Ark. App. 313, 329, 7 S.W.3d 350, 361 (1999).

[16] *See Farm Credit Leasing Servs. Corp. v. Smith*, No. 19-cv-00280, 2021 WL 1209359, at *4 (E.D. Ark. Mar. 30, 2021) (citing *Panther Mountain Land Dev., LLC v. Nat'l Bank of Ark.*, No. 12CV00619, 2013 WL 12149256, at *5 (E.D. Ark. Jan. 28, 2013)); *see also Panther Mountain Land Dev., LLC*, 2013 WL 12149256 at *5–6 (first citing *Kutait*, 312 Ark. at 17, 846 S.W.2d at 654; and then citing *Carmical*, 68 Ark. App. at 328–29, 7 S.W.3d at 360–61).

[17] *Farm Credit Leasing Servs. Corp.*, 2021 WL 1209359 at *4.

The problem for Mr. Skaggs is that nothing in the record—or even the Complaint—suggests that any legal procedure was set in motion or that he was ever subjected to the sort of "process" just described. The intra-military investigation (and military discipline process) at issue in this case isn't the kind of "legal procedure" referred to by the caselaw. It doesn't involve an action in a state or federal court.[18] Nor does it involve the military equivalent of those things, which would be a court-martial. Neither a workplace investigation nor low-level military discipline constitutes a "legal procedure set in motion in proper form . . . ."[19] The Court has not found, and Mr. Skaggs does not provide, any caselaw that suggests otherwise.

In any event, even if the intra-military investigation (or military discipline process) somehow constituted the requisite legal procedure, no reasonable jury could find that there was any process—as that word is defined in the caselaw—weaponized against Mr. Skaggs during the course of these events. Nothing in the record suggests that any warrant, court order, writ, summons, or other form of judicial process (or the military-justice-system equivalent) was issued against Mr. Skaggs.

Similarly, Mr. Skaggs can't rely on the civilian law enforcement investigation to sustain his abuse of process claims. This investigation did not involve the initiation of any legal procedure against Mr. Skaggs. No criminal legal proceedings were initiated against Mr. Skaggs. No criminal charges were brought against Mr. Skaggs. No civil case was brought against Mr. Skaggs. And, as was true above concerning the military investigation, no reasonable jury could find that any process was weaponized against Mr. Skaggs as part of this investigation. Nothing in the record

---

[18] *Cf. Kutait*, 312 Ark. at 18–19, 846 S.W.2d at 655 (holding that an abuse of process claim requires, *inter alia*, "initiation of suit"); *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 33, 781 S.W.2d 31, 34 (1989) (considering abuse of process in the context of an arrest warrant).

[19] *Kutait*, 312 Ark. at 16, 846 S.W.2d at 654 (quoting *Smith*, 255 Ark. at 643, 501 S.W.2d at 770).

5

suggests that any sort of warrant (or other form of judicial process) was ever issued against Mr. Skaggs.

In light of the foregoing, Mrs. Howell is entitled to summary judgment on Mr. Skaggs's abuse of process claims.

### III. Conclusion

Mrs. Howell's Motion for Partial Summary Judgment[20] is GRANTED with respect to Mr. Skaggs's abuse of process claims.  But the Motion is DENIED with respect to Mr. Skaggs's defamation and false light invasion of privacy claims, including the punitive damages portion of those claims.

IT IS SO ORDERED this 30th day of June 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[20] Doc. 81.